## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER D. GAY,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20CV00086 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*Christopher D. Gay, Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, commenced this action by filing a document titled "NOTICE OF APPEAL" regarding actions by a state court. Because the appeal concerned a state court's actions, the clerk's office docketed the submission as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Upon review of the petition, however, I conclude that it must be summarily dismissed without prejudice.

The heading of the submission indicates the court of filing as "THE CRIMINAL COURT OF APPEALS" and then lists what appears to be a state court criminal case name and number, *Commonwealth of Virginia vs. Christopher Daniel Gay*, #CR-19-855. The certificate of service indicates that Gay mailed his Notice of Appeal to "Court of Appeals Clerk," but the address listed is for the clerk's office of

this court in the Abingdon Division. The notice complains that Gay filed motions in the General District Court of Smyth County, seeking to recover property seized from him on arrest, but the Court never ruled on the motions. I construe Gay's submission as an attempt to appeal to this federal district court the inaction of the Smyth County court on his pending motions there.

Lower federal courts, like this one, do not have jurisdiction to review the actions of state courts on appeal. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court actions lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. *Id.* at 731; 28 U.S.C. § 1257. This court does have jurisdiction to review the validity of an inmate's *confinement* under a state court judgment, through habeas corpus review pursuant to 28 U.S.C. § 2254. *Plyler*, 129 F.3d at 732. Construed as a § 2254 petition, however, Gay's submission states no ground for habeas corpus relief, because he is not confined pursuant to the state court's decision not to rule on his motions. Accordingly, I will dismiss his § 2254 petition without prejudice.

A separate Final Order will be entered herewith.

DATED: February 24, 2020

/s/ James P. Jones
United States District Judge